■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DELEON, Appellant. [684 NYS2d 202] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered October 10, 1996, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

The court properly declined to suppress defendant's statements as having been tainted by an allegedly unlawful arrest. Probable cause was established by the totality of a chain of information from witnesses linking defendant to the murder, and other persons who were not witnesses but who were acquainted with defendant. The hearing evidence, including the reasonable inferences that may be drawn therefrom, establishes that at least one of the crime scene witnesses was shown a sketch of defendant and identified him as the person connected to the murder. We have considered and rejected defendant's remaining arguments. Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR FABER, Also Known as ARTHUR GORDON, Appellant. [682 NYS2d 849] —Judgment, Supreme Court, Bronx County (Eugene Oliver, J., on motion; Daniel FitzGerald, J., at jury trial and sentence), rendered February 10, 1997, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing defendant's sentence to a term of 4½ to 9 years, and otherwise affirmed.

We find that defendant's assertions were insufficient to warrant a *Dunaway* hearing.

Defendant's challenge to the court's identification charge is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would find the charge to be balanced and not prejudicial.

We find the sentence excessive to the extent indicated. Concur—Rosenberger, J. P., Ellerin, Tom and Saxe, JJ.