■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON PAGAN, Appellant. [701 NYS2d 387] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered January 8, 1997, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and criminal use of a firearm in the first degree, and sentencing him to concurrent terms of 6 to 18 years and 9 to 18 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The police had ample basis upon which to conclude that defendant was the same person who had been identified by several named eyewitnesses to the murder, along with an anonymous eyewitness whose information was sufficiently corroborated to warrant the conclusion that he was reliable and was speaking from personal knowledge. These eyewitnesses provided a collective description of defendant including his first name, his physical description, the type of car he drove and the place he frequented. The police then gave this information to a confidential informant of known reliability. Although the informant had no knowledge of the murder, he clearly had personal knowledge of the existence of a specific individual meeting this description. The next day the informant called the police and stated that this particular person was at a specific location, and provided a further description. As a result, the police had

ample probable cause to arrest defendant, who was at the location and met the description (*see, People v DeLeon*, 257 AD2d 488, *lv denied* 93 NY2d 923).

Defendant's argument that the police failed to preserve an accurate record of the lineup is not preserved for appellate review and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record supports the hearing court's conclusion that although the quality of the photograph was poor, the evidence warranted a finding that the lineup was not suggestive. Concur—Rosenberger, J. P., Mazzarelli, Wallach and Saxe, JJ.